# EXHIBIT F

## **TOLLING AND STANDSTILL AGREEMENT**

This Tolling and Standstill Agreement ("Agreement") is made and entered into as of June 5, 2017 by and on behalf of, on the one hand, Merex Holding Corporation ("Merex Holding") and Merex Aircraft Company, Inc. ("Merex" and, collectively with Merex Holding, the "Tolling Plaintiffs" or the "Company") and, on the other hand, Ahmad Shams and the Ahmad and Victoria Shams Revocable Trust of 1999 (the "Tolling Defendants" and, collectively with the Tolling Plaintiffs, the "Parties").

**WHEREAS**, subject to and consistent with the provisions of this Agreement, the Parties wish to preserve the status quo relating to any and all Time Defenses (as defined below) relating to any and all claims arising as a consequence of the allegations set forth in a draft complaint dated as of April 25, 2017, attached hereto as Exhibit A, including the events and circumstances that gave rise to such allegations, under state and/or federal law ("Claims"), and any defenses and/or counterclaims concerning the Claims (collectively, "Defenses") arising under state and/or federal law that could be asserted by the Tolling Plaintiffs against the Tolling Defendants or vice versa.

**NOW THEREFORE,** in consideration of the mutual promises herein contained, it is agreed that:

1. Subject to and consistent with the provisions of this Agreement, the Parties agree that the status quo of the Time Defenses is preserved with respect to all Claims and Defenses as such Claims and Defenses existed on the date of May 31, 2017, with respect to the running of any applicable statute of limitations, statute of repose, contractual time limitations, the equitable defense of laches, and any other time-related defense or bar

(collectively and separately referred to as "Time Defenses") for any and all Claims and/or Defenses as such Time Defenses existed on the date of May 31, 2017.

2. In the event an Action is later commenced by either Party against the other Party, the time that passes while this Agreement remains in effect shall not be taken into account in determining the timeliness of any party's assertion of its Claims and/or Defenses made in such Action. If the party's Claim and/or Defense would have been timely filed and not subject to any Time Defenses on May 31, 2017, such Claim shall be deemed to be timely filed and not subject to any Time Defenses if timely filed or otherwise asserted in an Action filed and commenced within thirty (30) days after the date of the termination of this Agreement (a "Timely Commenced Action") and such Defense shall be deemed to be timely filed and not subject to any Time Defenses if it is otherwise asserted within and as part of such party's response filed or made in a Timely Commenced Action.

3. Neither the execution of this Agreement nor anything herein contained is intended to be, nor shall it be deemed to be, an admission by any of the Parties that any Claim, Defense or Time Defense previously existed or now exists, or liability to the other or to any third party under any such Claim or Defense, of the truth of any allegation made in respect of any such Claim, Defense or Time Defense, or that any Time Defenses apply to bar any action.

4. Unless extended by a writing executed by the Parties hereto or their legal representative, this Agreement shall terminate on December 31, 2017; provided that either Party may terminate this Agreement, without any cause, upon fifteen (15) days prior written notice.

5. This Agreement contains the entire agreement of the Parties with respect to the subject matter hereof and may not be amended or modified in any way except by written consent of the Parties hereto.

6. This Agreement does not revive any Claim or Defense that was barred by any Time Defense prior to May 31, 2017.

7. Each person executing this Agreement expressly represents and warrants that he or she is fully empowered and authorized to do so by the party on whose behalf he or she is executing this Agreement.

8. This Agreement may be used for no purpose other than to enforce the terms of this Agreement.

9. This Agreement may be executed in counterparts, each of which shall be an original, but such counterparts shall together constitute one and the same agreement. This Agreement may be executed and delivered by any party hereto by facsimile transmission or as an attachment to an electronic mail message.

10. The provisions of this Agreement shall bind and inure to the benefit of the Parties and their respective successors and assigns.

11. This Agreement shall be construed without regard to any presumption or other rule of law requiring construction against the party which drafted it.

**[Signatures on Following Page]**

Dated: June 1, 2017

By: _____, Date 6/2/17
Name: Ahmad Shams

By: _____, Date 6/2/17
Name:

On behalf of the Ahmad and Victoria Shams Revocable Trust of 1999


By:_____, Date _____
Name:

On behalf of Merex Holding Corporation


By:_____, Date _____
Name:

On behalf of Merex Aircraft Company, Inc.

4

Dated: June 5, 2017

By:_____, Date _____
    Name: Ahmad Shams

By:_____, Date _____
    Name:

On behalf of the Ahmad and Victoria Shams Revocable Trust of 1999

By:___*[signature]*_____, Date __6/5/17__
    Name:

On behalf of Merex Holding Corporation

By:___*[signature]*_____, Date __6/5/17__
    Name:

On behalf of Merex Aircraft Company, Inc.

4

## AMENDED AND RESTATED TOLLING AND STANDSTILL AGREEMENT

This Amended and Restated Tolling and Standstill Agreement ("Agreement") supersedes and replaces in its entirety the Tolling and Standstill Agreement between the Parties (as defined below) dated June 5, 2017, and is made and entered into as of December 12, 2017 by and on behalf of, on the one hand, Merex Holding Corporation ("Merex Holding") and Merex Aircraft Company, Inc. ("Merex" and, collectively with Merex Holding, the "Tolling Plaintiffs" or the "Company") and, on the other hand, Ahmad Shams and the Ahmad and Victoria Shams Revocable Trust of 1999 (the "Tolling Defendants" and, collectively with the Tolling Plaintiffs, the "Parties").

**WHEREAS**, subject to and consistent with the provisions of this Agreement, the Parties wish to preserve the status quo relating to any and all Time Defenses (as defined below) relating to any and all claims arising as a consequence of the allegations set forth in a draft complaint dated as of April 25, 2017, attached hereto as Exhibit A, including the events and circumstances that gave rise to such allegations, under state and/or federal law ("Claims"), and any defenses and/or counterclaims concerning the Claims (collectively, "Defenses") arising under state and/or federal law that could be asserted by the Tolling Plaintiffs against the Tolling Defendants or vice versa.

**NOW THEREFORE**, in consideration of the mutual promises herein contained, it is agreed that:

1. Subject to and consistent with the provisions of this Agreement, the Parties agree that the status quo of the Time Defenses is preserved with respect to all Claims and Defenses as such Claims and Defenses existed on the date of May 31, 2017, with respect to the running of any applicable statute of limitations, statute of repose, contractual time

limitations, the equitable defense of laches, and any other time-related defense or bar (collectively and separately referred to as "Time Defenses") for any and all Claims and/or Defenses as such Time Defenses existed on the date of May 31, 2017.

2. In the event an Action is later commenced by either Party against the other Party, the time that passes while this Agreement remains in effect shall not be taken into account in determining the timeliness of any party's assertion of its Claims and/or Defenses made in such Action. If the party's Claim and/or Defense would have been timely filed and not subject to any Time Defenses on May 31, 2017, such Claim shall be deemed to be timely filed and not subject to any Time Defenses if timely filed or otherwise asserted in an Action filed and commenced within thirty (30) days after the date of the termination of this Agreement (a "Timely Commenced Action") and such Defense shall be deemed to be timely filed and not subject to any Time Defenses if it is otherwise asserted within and as part of such party's response filed or made in a Timely Commenced Action.

3. Neither the execution of this Agreement nor anything herein contained is intended to be, nor shall it be deemed to be, an admission by any of the Parties that any Claim, Defense or Time Defense previously existed or now exists, or liability to the other or to any third party under any such Claim or Defense, of the truth of any allegation made in respect of any such Claim, Defense or Time Defense, or that any Time Defenses apply to bar any action.

4. Unless extended by a writing executed by the Parties hereto or their legal representative, this Agreement shall terminate on March 31, 2018; provided that either Party may terminate this Agreement, without any cause, upon fifteen (15) days prior written notice.

5. This Agreement supersedes and replaces in its entirety the Tolling and Standstill Agreement between the Parties dated June 5, 2017, and contains the entire agreement of the Parties with respect to the subject matter hereof and may not be amended or modified in any way except by written consent of the Parties hereto.

6. This Agreement does not revive any Claim or Defense that was barred by any Time Defense prior to May 31, 2017.

7. Each person executing this Agreement expressly represents and warrants that he or she is fully empowered and authorized to do so by the party on whose behalf he or she is executing this Agreement.

8. This Agreement may be used for no purpose other than to enforce the terms of this Agreement.

9. This Agreement may be executed in counterparts, each of which shall be an original, but such counterparts shall together constitute one and the same agreement. This Agreement may be executed and delivered by any party hereto by facsimile transmission or as an attachment to an electronic mail message.

10. The provisions of this Agreement shall bind and inure to the benefit of the Parties and their respective successors and assigns.

11. This Agreement shall be construed without regard to any presumption or other rule of law requiring construction against the party which drafted it.

**[Signatures on Following Page]**

[Signatures on Following Page]

Dated: December 12, 2017

By: /s/ _____, Date 12/12/17
Name: Ahmad Shams

By: /s/ _____, Date 12/12/17
Name: _____

On behalf of the Ahmad and Victoria Shams Revocable Trust of 1999

By: _____, Date _____
Name:

On behalf of Merex Holding Corporation

By: _____, Date _____
Name:

On behalf of Merex Aircraft Company, Inc.

4

[Signatures on Following Page]

Dated: December 12, 2017

By: _____, Date 12/12/17
Name: Ahmad Shams

By: _____, Date _____
Name:

On behalf of the Ahmad and Victoria Shams Revocable Trust of 1999

By: _____, Date 12/11/17
Name:

On behalf of Merex Holding Corporation

By: _____, Date 12/11/17
Name:

On behalf of Merex Aircraft Company, Inc.

4

## SECOND AMENDED AND RESTATED TOLLING AND STANDSTILL AGREEMENT

This Second Amended and Restated Tolling and Standstill Agreement ("Agreement") supersedes and replaces in its entirety the Tolling and Standstill Agreement between the Parties (as defined below) dated December 12, 2017, and is made and entered into as of March 13, 2018 by and on behalf of, on the one hand, Merex Holding Corporation ("Merex Holding") and Merex Aircraft Company, Inc. ("Merex" and, collectively with Merex Holding, the "Tolling Plaintiffs" or the "Company") and, on the other hand, Ahmad Shams and the Ahmad and Victoria Shams Revocable Trust of 1999 (the "Tolling Defendants" and, collectively with the Tolling Plaintiffs, the "Parties").

**WHEREAS**, subject to and consistent with the provisions of this Agreement, the Parties wish to preserve the status quo relating to any and all Time Defenses (as defined below) relating to any and all claims arising as a consequence of the allegations set forth in a draft complaint dated as of April 25, 2017, attached hereto as Exhibit A, including the events and circumstances that gave rise to such allegations, under state and/or federal law ("Claims"), and any defenses and/or counterclaims concerning the Claims (collectively, "Defenses") arising under state and/or federal law that could be asserted by the Tolling Plaintiffs against the Tolling Defendants or vice versa.

**NOW THEREFORE,** in consideration of the mutual promises herein contained, it is agreed that:

1. Subject to and consistent with the provisions of this Agreement, the Parties agree that the status quo of the Time Defenses is preserved with respect to all Claims and Defenses as such Claims and Defenses existed on the date of May 31, 2017, with respect to the running of any applicable statute of limitations, statute of repose, contractual time

24101732.1

limitations, the equitable defense of laches, and any other time-related defense or bar (collectively and separately referred to as "Time Defenses") for any and all Claims and/or Defenses as such Time Defenses existed on the date of May 31, 2017.

2. In the event an Action is later commenced by either Party against the other Party, the time that passes while this Agreement remains in effect shall not be taken into account in determining the timeliness of any party's assertion of its Claims and/or Defenses made in such Action. If the party's Claim and/or Defense would have been timely filed and not subject to any Time Defenses on May 31, 2017, such Claim shall be deemed to be timely filed and not subject to any Time Defenses if timely filed or otherwise asserted in an Action filed and commenced within thirty (30) days after the date of the termination of this Agreement (a "Timely Commenced Action") and such Defense shall be deemed to be timely filed and not subject to any Time Defenses if it is otherwise asserted within and as part of such party's response filed or made in a Timely Commenced Action.

3. Neither the execution of this Agreement nor anything herein contained is intended to be, nor shall it be deemed to be, an admission by any of the Parties that any Claim, Defense or Time Defense previously existed or now exists, or liability to the other or to any third party under any such Claim or Defense, of the truth of any allegation made in respect of any such Claim, Defense or Time Defense, or that any Time Defenses apply to bar any action.

4. Unless extended by a writing executed by the Parties hereto or their legal representative, this Agreement shall terminate on June 30, 2018; provided that either Party may terminate this Agreement, without any cause, upon fifteen (15) days prior written notice.

24101732.1

5. This Agreement supersedes and replaces in its entirety the Tolling and Standstill Agreement between the Parties dated December 12, 2017, and contains the entire agreement of the Parties with respect to the subject matter hereof and may not be amended or modified in any way except by written consent of the Parties hereto.

6. This Agreement does not revive any Claim or Defense that was barred by any Time Defense prior to May 31, 2017.

7. Each person executing this Agreement expressly represents and warrants that he or she is fully empowered and authorized to do so by the party on whose behalf he or she is executing this Agreement.

8. This Agreement may be used for no purpose other than to enforce the terms of this Agreement.

9. This Agreement may be executed in counterparts, each of which shall be an original, but such counterparts shall together constitute one and the same agreement. This Agreement may be executed and delivered by any party hereto by facsimile transmission or as an attachment to an electronic mail message.

10. The provisions of this Agreement shall bind and inure to the benefit of the Parties and their respective successors and assigns.

11. This Agreement shall be construed without regard to any presumption or other rule of law requiring construction against the party which drafted it.

**[Signatures on Following Page]**

Dated: March 13, 2017

By: _____, Date 3/22/18
Name: Ahmad Shams

By: _____, Date 3/22/18
Name: Ahmad Shams

On behalf of the Ahmad and Victoria Shams Revocable Trust of 1999

By: _____, Date 03/23/18
Name: Nathan A. Skop

On behalf of Merex Holding Corporation

By: _____, Date 03/23/18
Name: Nathan A. Skop

On behalf of Merex Aircraft Company, Inc.

## **THIRD AMENDED AND RESTATED TOLLING AND STANDSTILL AGREEMENT**

This Third Amended and Restated Tolling and Standstill Agreement ("Agreement") supersedes and replaces in its entirety the Tolling and Standstill Agreement between the Parties (as defined below) dated December 12, 2017, and is made and entered into as of June 22, 2018 by and on behalf of, on the one hand, Merex Holding Corporation ("Merex Holding") and Merex Aircraft Company, Inc. ("Merex" and, collectively with Merex Holding, the "Tolling Plaintiffs" or the "Company") and, on the other hand, Ahmad Shams and the Ahmad and Victoria Shams Revocable Trust of 1999 (the "Tolling Defendants" and, collectively with the Tolling Plaintiffs, the "Parties").

**WHEREAS**, subject to and consistent with the provisions of this Agreement, the Parties wish to preserve the status quo relating to any and all Time Defenses (as defined below) relating to any and all claims arising as a consequence of the allegations set forth in a draft complaint dated as of April 25, 2017, attached hereto as Exhibit A, including the events and circumstances that gave rise to such allegations, under state and/or federal law ("Claims"), and any defenses and/or counterclaims concerning the Claims (collectively, "Defenses") arising under state and/or federal law that could be asserted by the Tolling Plaintiffs against the Tolling Defendants or vice versa.

**NOW THEREFORE,** in consideration of the mutual promises herein contained, it is agreed that:

1. Subject to and consistent with the provisions of this Agreement, the Parties agree that the status quo of the Time Defenses is preserved with respect to all Claims and Defenses as such Claims and Defenses existed on the date of May 31, 2017, with respect to the running of any applicable statute of limitations, statute of repose, contractual time

limitations, the equitable defense of laches, and any other time-related defense or bar (collectively and separately referred to as "Time Defenses") for any and all Claims and/or Defenses as such Time Defenses existed on the date of May 31, 2017.

2. In the event an Action is later commenced by either Party against the other Party, the time that passes while this Agreement remains in effect shall not be taken into account in determining the timeliness of any party's assertion of its Claims and/or Defenses made in such Action. If the party's Claim and/or Defense would have been timely filed and not subject to any Time Defenses on May 31, 2017, such Claim shall be deemed to be timely filed and not subject to any Time Defenses if timely filed or otherwise asserted in an Action filed and commenced within thirty (30) days after the date of the termination of this Agreement (a "Timely Commenced Action") and such Defense shall be deemed to be timely filed and not subject to any Time Defenses if it is otherwise asserted within and as part of such party's response filed or made in a Timely Commenced Action.

3. Neither the execution of this Agreement nor anything herein contained is intended to be, nor shall it be deemed to be, an admission by any of the Parties that any Claim, Defense or Time Defense previously existed or now exists, or liability to the other or to any third party under any such Claim or Defense, of the truth of any allegation made in respect of any such Claim, Defense or Time Defense, or that any Time Defenses apply to bar any action.

4. Unless extended by a writing executed by the Parties hereto or their legal representative, this Agreement shall terminate on September 30, 2018; provided that either Party may terminate this Agreement, without any cause, upon fifteen (15) days prior written notice.

5. This Agreement supersedes and replaces in its entirety the Second Amended Tolling and Standstill Agreement between the Parties dated March 13, 2018, and contains the entire agreement of the Parties with respect to the subject matter hereof and may not be amended or modified in any way except by written consent of the Parties hereto.

6. This Agreement does not revive any Claim or Defense that was barred by any Time Defense prior to May 31, 2017.

7. Each person executing this Agreement expressly represents and warrants that he or she is fully empowered and authorized to do so by the party on whose behalf he or she is executing this Agreement.

8. This Agreement may be used for no purpose other than to enforce the terms of this Agreement.

9. This Agreement may be executed in counterparts, each of which shall be an original, but such counterparts shall together constitute one and the same agreement. This Agreement may be executed and delivered by any party hereto by facsimile transmission or as an attachment to an electronic mail message.

10. The provisions of this Agreement shall bind and inure to the benefit of the Parties and their respective successors and assigns.

11. This Agreement shall be construed without regard to any presumption or other rule of law requiring construction against the party which drafted it.

**[Signatures on Following Page]**

Dated: June 22, 2018

By: _____, Date 6/22/18
Name: Ahmad Shams

By: _____, Date 6/22/18
Name:

On behalf of the Ahmad and Victoria Shams Revocable Trust of 1999

By: _____, Date 06/22/18
Name:

On behalf of Merex Holding Corporation

By: _____, Date 06/22/18
Name:

On behalf of Merex Aircraft Company, Inc.

4