# EXHIBIT G

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Don A. Lesser(SBN 112887)Barbara L. Gately (SBN 76497)
The Lesser Law Group
315 Montgomery Street, Ninth Floor, San Francisco,CA 94104
TELEPHONE NO.: 415.453.7600 FAX NO.: 415.295.4122
ATTORNEY FOR (Name): Merex Holding Corp, a Delaware corp and Merex

FOR COURT USE ONLY

VENTURA SUPERIOR COURT
FILED
SEP 28 2018
MICHAEL D. PLANET
Executive Officer and Clerk
BY: KATIE DEUTINGER, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
STREET ADDRESS: 800 So. Victoria Avenue, Ventura CA 93009-0004
MAILING ADDRESS: PO BOX 6489
CITY AND ZIP CODE: Ventura CA 93009-6489
BRANCH NAME: Ventura Hall of Justice

CASE NAME: Merex Holding Corp, et al. v Ahad Shams, et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 56-2018-00518236-CU-FR-VTA |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [X] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify)*: Eight
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 27, 2018

Don A. Lesser
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
CEB www.ceb.com
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller
    - Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

VENTURA SUPERIOR COURT
FILED
SEP 28 2018
MICHAEL D. PLANET
Executive Officer and Clerk
BY:____________, Deputy
KATIE DEUTINGER

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

AHAMD SHAMS, a resident of California, and The AHMAD AND VICTORIA SHAMS REVOCABLE TRUST OF 1999, a California entity, and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

MEREX HOLDING CORP., a Delaware Corporation; and MEREX AIRCRAFT COMPANY, INC., a California Corporation,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of Ventura County
800 So. Victoria Avenue, Ventura, CA 93009-004
PO Box 6489, Ventura, CA 93009-6489
Ventura Hall of Justice

CASE NUMBER: 56-2018-00518236-CU-FR-VTA

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Don A. Lesser Esq.
THE LESSER LAW GROUP, 315 Montgomery Street, Ninth Floor
San Francisco CA 94104

DATE: *(Fecha)* ~~September 27, 2018~~ SEP 28 2018 Clerk, by *(Secretario)* MICHAEL D. PLANET ____________, Deputy *(Adjunto)*

KATIE DEUTINGER

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL] SUPERIOR COURT VENTURA COUNTY, CALIFORNIA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

COPY

VENTURA SUPERIOR COURT
FILED
SEP 28 2018
MICHAEL D. PLANET
Executive Officer and Clerk
BY:________________, Deputy
KATIE DEUTINGER

DON A. LESSER (SBN 112887)
BARBARA L. GATELY (SBN 76497)
THE LESSER LAW GROUP
315 Montgomery Street, Ninth Floor
San Francisco, California 94104
Ph: 415.453.7600
Email: DLesser@LesserGroup.com

*Attorneys for Plaintiffs*
Merex Holding Corp., a Delaware corporation and
Merex Aircraft Company, Inc. a California corporation,

THE LESSER LAW GROUP
315 Montgomery Street, Ninth Floor · San Francisco, California 94104
Telephone: (415) 453-7600 | Facsimile: (415) 295-4122

SUPERIOR COURT OF CALIFORNIA

COUNTY OF VENTURA

| | |
|---|---|
| MEREX HOLDING CORP., a Delaware Corporation; and MEREX AIRCRAFT COMPANY, INC., a California Corporation;<br>*Plaintiffs,*<br>vs.<br>AHMAD SHAMS, a resident of California, and THE AHMAD AND VICTORIA SHAMS REVOCABLE TRUST OF 1999, a California entity, and DOES 1-10,<br>*Defendants.* | Case No.: 56-2018-00518236-CU-FR-VTA<br>**COMPLAINT FOR BREACH OF CONTRACT, INDEMNIFICATION, DECLARATORY JUDGMENT, MISREPRESENTATION, SECURITIES FRAUD, BREACH OF FIDUCIARY DUTY AND UNJUST ENRICHMENT**<br>**REQUEST FOR JURY TRIAL** |

Plaintiffs allege for their complaint against Defendants as follows:

## INTRODUCTION

1. Plaintiffs Merex Holding Corp. ("Merex Holding") and Merex Aircraft Company, Inc. ("Merex Aircraft" or the "Company") (collectively, "Plaintiffs") seek damages from Defendants Ahmad Shams ("Mr. Shams") and the Ahmad and Victoria Shams Revocable Trust of 1999 (the "Shams Trust") (collectively, "Defendants") for securities fraud, breach of contract, indemnification and fiduciary breach. Merex Aircraft provides, among other things, parts for U.S. manufactured legacy aircraft. Mr. Shams was Merex

THE LESSER LAW GROUP
315 Montgomery Street, Ninth Floor · San Francisco, California 94104
Telephone: (415) 453-7600 | Facsimile: (415) 295-4122

Aircraft's CEO at the time Merex Holding acquired it in 2011. At the time of the acquisition, Mr. Shams knew, but failed to disclose, that he had for years directed Company employees to provide customers with inferior, non-conforming parts at rates reflective of those commanded by the superior products its customers ordered. The fraudulent scheme resulted in an artificial inflation of the Company's revenues and valuations and Merex Holding paid a comparably inflated price for the acquisition—the $20 million purchase price reflected an overvaluation of the Company's stock by at least $15 million. The Shams Trust was a signatory to, and obligor under, the terms of the sale.

2. Mr. Shams knew, but failed to disclose, that the Company would sustain other, substantial injuries as a result of Defendants' intentional misconduct, including, among other things, the cost of (i) recalling defective parts; (ii) conducting a review of the Company's sales under Mr. Shams's leadership; (iii) defending civil litigation brought by two former employees based in part on Mr. Shams's conduct; (iv) responding to regulatory inquiries; and (v) reputational damage and loss of business and commercial good will. Mr. Shams's wrongful conduct has also put the Company at risk of adverse regulatory action and penalties. Plaintiffs seek reimbursement for the millions of dollars in losses they have already sustained, and for the ongoing costs they continue to incur, as a result of Mr. Shams's reckless and fraudulent conduct.

**THE PARTIES**

3. Merex Holding is and at all relevant times has been a corporation organized and existing under the laws of Delaware, with its principal place of business in Ventura County, California. Merex Holding owns and controls Merex Aircraft.

4. Merex Aircraft is and at all relevant times has been a corporation organized and existing under the laws of the State California, with its principal place of business in Ventura County, California. It was founded in 1982 by Mr. Shams.

5. Mr. Shams is and at all relevant times has been a citizen and resident of the State of California. Mr. Shams resides in Ventura County. Mr. Shams founded Merex Aircraft in 1982 and served as its Chief Executive Officer until May of 2013. Mr. Shams was

THE LESSER LAW GROUP
315 Montgomery Street, Ninth Floor · San Francisco, California 94104
Telephone: (415) 453-7600 | Facsimile: (415) 295-4122

an employee and member of Merex Aircraft's Board of Directors until September of 2015.

6. The Shams Trust is and at all relevant times has been an entity organized and existing under the laws of the State of California. Mr. Shams and his wife, Victoria Shams, are co-trustees of the Shams Trust.

7. Plaintiff is unaware of the true names, status, capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of the Doe defendants when ascertained. Plaintiff is informed and believes that at all times herein mention, each of the fictitiously named defendants was in some manner responsible for Plaintiff's damages and injuries alleged herein.

8. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendants and Does 1 through 10, inclusive, were, at all times herein mentioned, authorized and empowered by each other to act, and did so act, as agents of each other, and all of the things herein alleged to have been done by them were done in the capacity of such agency. Upon information and belief, all Defendants are responsible in some manner for the events described herein and are liable to Plaintiff for the damages it has sustained.

## JURISDICTION AND VENUE

9. Subject matter jurisdiction is proper in this Court pursuant to Article 6 of the California Constitution.

10. This Court has personal jurisdiction over Mr. Shams as he is, and has at all times relevant to this matter been, a resident and citizen of the State of California within the meaning of Cal. Code Civ. Pro. § 410.10.

11. This Court has personal jurisdiction over the Shams Trust as it is, and has at all times relevant to this matter been, an entity organized under the laws of the State of California within the meaning of Cal. Code Civ. Pro. § 410.10.

/ / /

12. Venue is proper in this Court pursuant to Cal. Code Civ. Pro. § 395(a) as Mr. Shams resides in Ventura County and Plaintiffs are informed and believe that the principal place of administration for the Shams Trust is Ventura County.

**FACTUAL ALLEGATIONS**

**I. Background**

13. Merex Aircraft provides distribution, maintenance, repair, overhaul, engineering, manufacturing, and program management solutions for U.S. manufactured legacy fighters, transports, patrol aircraft, and helicopters.

14. Mr. Shams founded Merex Aircraft in 1982, and he served as its CEO from its founding through May of 2013. Thereafter, Ms. Shams remained an employee of the Company and served on its Board of Directors until September 2015.

15. Throughout his tenure at the Company, Mr. Shams engaged in a pattern of deceitful business practices. Among other things, Mr. Shams directed Company employees to fill customer orders for original equipment manufacturer (OEM) parts with parts that were not OEM-manufactured and/or filled with non-OEM parts that were not manufactured according to OEM specifications. All of this was done without the customer's knowledge or consent.

16. In addition, Mr. Shams caused technical drawings and specifications to be created by a process of reverse engineering OEM-manufactured parts, and these drawings and specifications, rather than the actual OEM specifications, would then be used to manufacture the parts. The parts that were manufactured according to the reverse-engineered process were provided to the customer, without its knowledge or consent. The customer was nevertheless charged the elevated cost of OEM-manufactured parts. This resulted in Merex's costs being lower than they would have been had Merex purchased OEM parts to fill the customer's order and, consequently, generated a misleadingly higher profit margin for Merex.

17. In furtherance of this deceitful practice, Mr. Shams would, among other things, direct Company employees to imprint false data on the non-OEM parts in order to make them appear to be OEM parts. Mr. Shams further directed Company employees to

THE LESSER LAW GROUP
315 Montgomery Street, Ninth Floor · San Francisco, California 94104
Telephone: (415) 453-7600 | Facsimile: (415) 295-4122

THE LESSER LAW GROUP
315 Montgomery Street, Ninth Floor · San Francisco, California 94104
Telephone: (415) 453-7600 | Facsimile: (415) 295-4122

perpetuate the deceit by making false representations as to the source of the manufactured goods on export documentation.

**II. Mr. Shams Fraudulently Sells the Company.**

18. In September of 2011, Merex Holding purchased approximately 85 percent of the outstanding shares of Merex Aircraft for nearly $20 million (the "Transaction").

19. Prior to the Transaction, the majority of the outstanding shares in Merex Aircraft were owned by Mr. Shams through the Shams Trust, and sold to Merex Holding in the Transaction.

20. The Transaction was accomplished by a Stock Purchase Agreement dated September 22, 2011 (the "SPA"), executed by and between Merex Holding as the acquiring entity, and Merex Aircraft, Mr. Shams, Majic Khabbaz, Mr. Shams and Victoria Shams as co-trustees of the Shams Trust, and Mr. Khabbaz as trustee of the December 4, 2006 Majic Khabbaz Living Trust. The two Trusts were the designated Sellers.

21. Mr. Shams defrauded Merex Holding by making a number of material misstatements and omissions during the sale negotiations and in connection with Merex Holding's purchase of the Company stock. Mr. Shams's material misstatements included, among others, the following:

a) Mr. Shams provided a Merex Holding representative with financial statements and other documents purporting to document the financial health of the Company including, but not limited to, year-end and interim balance sheets, and income statements. The financial revenues, projections and statements were materially false in that they were artificially inflated by sales of non-OEM and non-conforming parts that, under Mr. Shams's direction, were shipped to the customer falsely marked as OEM parts.

b) Section 3.6 of the SPA stated that the financial statements "present[ed] fairly . . . the financial position of the Company." But the statements were knowingly false when made as Mr. Shams knew at the time of the acquisition that the Company's financial profile was artificially inflated by his corrupt business practice of providing customers with non-conforming parts.

c) Sections 3.10, and 3.20(a), (b) and (d) of the SPA represented and warranted that the Company was in material compliance with all laws and regulations applicable to its business as a manufacturer and exporter of military aircraft parts and hardware. But the statements were knowingly false when made as Mr. Shams knew at the time of the acquisition that the Company was not in material compliance with all laws and regulations applicable to its business.

d) Merex Holding's reliance on Defendants' representations was reasonable as Mr. Shams was the Company's founder and leader since its inception and there was no reasonably available data to refute them.

e) During Mr. Shams's tenure as CEO, there were insufficient policies and procedures in place to prevent the fraudulent mislabeling of manufactured parts, leading to additional potential violations of U.S. law and intentionally false depictions of the Company's financial health.

22. As a direct result of Mr. Shams's intentional and fraudulent misrepresentations and omissions during the sale negotiations, Merex Holding was fraudulently induced to purchase the Company for at least $15 million more than it was actually worth. But for Mr. Shams's intentional and fraudulent misrepresentations and omissions during the sale negotiations, Merex Holding would not have purchased the Company for $20 million.

23. Pursuant to Section 7.1(g) of the SPA, Mr. Shams is required to hold Merex Holding harmless for any damages that result from or arise out of the seller's breach of Sections 3.10 and 3.20(a), (b) and (d) of the SPA. Mr. Shams's material misrepresentations and omissions made pursuant to those Sections constitute a plain breach of the SPA.

24. Pursuant to Section 7.1(a), of the SPA, Mr. Shams is required to hold Merex Holding harmless for breaches of the representations he made in Sections 3.6 and 3.10 of the SPA. Mr. Shams is also required to indemnify Merex Holding for damages caused by such breaches. Mr. Shams, through his counsel, has refused, and continues to refuse, to honor his contractual indemnification obligations.

THE LESSER LAW GROUP
315 Montgomery Street, Ninth Floor · San Francisco, California 94104
Telephone: (415) 453-7600 | Facsimile: (415) 295-4122

25. Pursuant to Section 7.9 of the SPA, as well as under the April 30, 2014 Amended and Restated Subordinated Seller Note between Merex Holding and the Shams Trust (the "Note"), Merex Holding is entitled to offset any claims for indemnification made pursuant to the SPA against amounts due under the Note. The principal amount due on the Note before interest is $1,466,941.00. Merex Holding paid at least $15 million over Merex Aircraft's true value in reliance on Mr. Shams's fraudulent misrepresentations and omissions as to the true value of Merex Aircraft. Since the SPA requires Mr. Shams to indemnify Merex Holding for that loss, Merex Holding is entitled to exercise its right of offset and seeks a declaration from this Court that it does not owe Mr. Shams any further amounts under the Note.

26. Plaintiffs offer the following, non-exhaustive examples of Mr. Shams's wrongful conduct prior to the Transaction. Plaintiffs allege that Mr. Shams engaged in this wrongful conduct knowing that it would materially affect the value of the Company as it exposed the Company to recalls, lawsuits and costly regulatory actions, among other things:

**a) Sale of F-5 Brake Pads to a Foreign Military Customer**

27. In early 2008, a foreign military customer placed an order with Merex Aircraft for brake pads manufactured by Meggitt Aircraft Braking Systems ("Meggitt") for an F-5 aircraft. At Mr. Shams's direction, and unbeknownst to the customer, the order was filled with parts manufactured by Merex Aircraft using a third party supplier rather than the OEM (Meggitt) brakes the customer ordered.

28. Prior to shipment, Mr. Shams instructed—as memorialized in a handwritten note in the Company's files—that the Merex brake pads be marked with the OEM (Meggitt) part number. Plaintiffs allege that Mr. Shams ordered the deception in order to lull the customer into believing that it was receiving OEM (Meggitt) brake pads and, importantly, to artificially increase Merex Aircraft's profit margin.

29. At Mr. Shams's direction, the Company shipped the fraudulently labeled brake pads to the customer without informing the customer that it was receiving parts that were materially different from, and inferior to, those it had ordered.

THE LESSER LAW GROUP
315 Montgomery Street, Ninth Floor · San Francisco, California 94104
Telephone: (415) 453-7600 | Facsimile: (415) 295-4122

**b) Sale of F-5 Brake Pads to Thailand**

30. In January of 2008, the Royal Thai Air Force placed an order with Merex Aircraft for Meggitt brake pads for the F-5 aircraft. At Mr. Shams's direction and unbeknownst to the customer, Company employees were directed to fill the order with parts manufactured by Merex using drawings and specifications that were reverse engineered from finished OEM parts. The resulting product differed materially from the original OEM specifications.

31. In February of 2009, at Mr. Shams's direction, the reverse engineered brake pads were sold to the Royal Thai Air Force bearing the fraudulent imprint, also ordered by Mr. Shams, that the pads were OEM parts. The brake pads were shipped with a false certification that the parts conformed to OEM specifications and the export documentation falsely identified the parts as OEM.

**c) Sale of Horizontal Stabilizers to Taiwan**

32. In 2009, the Republic of China Air Force placed an order with Merex Aircraft for Northrop Grumman horizontal stabilizers for the F-5 fighter aircraft. However, at Mr. Shams's direction and unbeknownst to customers, the order was filled with non-OEM parts that were not manufactured according to OEM specifications. Among other things, Mr. Shams directed that the stabilizers be manufactured from bar stock rather than being forged as OEM specs require.

33. In May and June of 2011, and at Mr. Shams's direction, the stabilizers were falsely labeled as OEM parts, sold to the Republic of China Air Force, and shipped with a false certification that the parts conformed to OEM specifications.

34. An inspection by the customer upon delivery determined that there were structural weaknesses in the stabilizers that made them unusable. As a result, Merex Aircraft was required to send several of its employees and an independent contractor to Taiwan to test the parts, and the parts were eventually returned to Merex Aircraft for repair.

/ / /

/ / /

THE LESSER LAW GROUP
315 Montgomery Street, Ninth Floor · San Francisco, California 94104
Telephone: (415) 453-7600 | Facsimile: (415) 295-4122

THE LESSER LAW GROUP
315 Montgomery Street, Ninth Floor · San Francisco, California 94104
Telephone: (415) 453-7600 | Facsimile: (415) 295-4122

**d) Sale of Lead/Lag Assembly Parts to South Korea**

35. In August of 2010, the Defense Acquisition Program Administration for the Republic of Korea ("DAPA") ordered McDonald Douglas lead lag link assembly parts ("lead/lag parts") for its fleet of MD-500 helicopters from Merex Aircraft.

36. Mr. Shams directed that the Company manufacture the lead/lag parts through a process of reverse engineering which resulted in specifications that differed materially from the OEM specifications.

37. In April of 2013, and at Mr. Shams's direction, the lead/lag parts were sold to DAPA, fraudulently mislabeled as OEM parts, and shipped along with a false certification that the parts conformed to OEM specifications. The export documentation that accompanied the shipment, as directed by Mr. Shams, falsely identified the parts as OEM parts.

38. A subsequent Merex Aircraft internal review of the MD-500 parts sold to DAPA resulted in a recall notice being issued in August of 2016. Merex Aircraft has since quarantined all MD-500 parts currently in stock and has stopped filling new orders for MD 500 parts.

**III. Subsequent to the Transaction, Mr. Shams Continued To Breach His Fiduciary Duties to the Company**

39. Following the Transaction, on or about September 22, 2011, Mr. Shams and Merex Aircraft entered into an employment agreement (the "Employment Agreement") pursuant to which he continued to serve as CEO of the Company until May 2013. From May 2013 until September 2015, Mr. Shams continued his employment with the Company pursuant to Employment Agreement and continued to serve on its Board of Directors.

40. Pursuant to the Employment Agreement, Mr. Shams agreed that he would adhere to rules and regulations established by the Board of Directors of the Company for the conduct of its employees.

41. As CEO of Merex Aircraft and thereafter, Mr. Shams had fiduciary duties to the Company and its stakeholders that required him to conduct himself in a manner that placed the rights and interests of the Company and its stakeholders ahead of his own. In

directing Company employees to fill orders for OEM parts with parts that were not OEM-manufactured or OEM-compliant, fraudulently mislabel those non-OEM parts to make them appear to be OEM parts, and generate false export documentation, Mr. Shams blatantly breached his fiduciary obligations at great financial and reputational detriment to the Company.

42. Plaintiffs offer the following non-exhaustive examples of Mr. Shams's wrongful conduct that post-dates the Transaction:

**a) Sale of F-5 Break Pads to Chile**

43. In April of 2014, the Chilean Air Force issued a purchase order to Merex Aircraft for Meggitt brake pads for the F-5 aircraft. Rather than deliver the requested OEM parts, Mr. Shams directed that the order be filled with fraudulently mislabeled, non-OEM brake pads.

44. In June of 2014, and at Mr. Shams's direction, the brake pads were sold to the Chilean Air Force, as fraudulently mislabeled, and shipped along with a false certification that the parts conformed to OEM specifications. The export documentation that accompanied the shipment, at Mr. Shams's direction, falsely identified the parts as OEM parts.

45. Merex eventually recalled the non-OEM brake pads after learning of defects in their construction and replaced them with OEM brake pads.

**b) Sale of Arrestor Hooks to Brazil**

46. On December 6, 2011, the Brazilian Air Force issued a request for two Northrop Grumman arrestor hooks for its F-5 aircraft. However, at Mr. Shams's direction, the order was filled with parts manufactured by Merex using third party, rather than OEM, parts. Among other things, Mr. Shams directed that the arrestor hooks be manufactured using steel bar, rather than the more expensive process of die forging, as required by OEM specifications. Mr. Shams also instructed that the arrestor hooks be fraudulently mislabeled with the OEM part number in order to further advance the fiction that the hooks were OEM-compliant. Merex Aircraft sold the arrestor hooks to the Brazilian Air Force and were shipped along with a false certification that the parts conformed to OEM specifications. The

THE LESSER LAW GROUP
315 Montgomery Street, Ninth Floor · San Francisco, California 94104
Telephone: (415) 453-7600 | Facsimile: (415) 295-4122

THE LESSER LAW GROUP
315 Montgomery Street, Ninth Floor · San Francisco, California 94104
Telephone: (415) 453-7600 | Facsimile: (415) 295-4122

export documentation that accompanied the shipment, at Mr. Shams's direction, falsely identified the parts as OEM parts.

47. In October 2016, after the nonconformance issues with this order came to light, the Company issued a recall notice to the Brazilian Air Force.

**c) Sale of Longerons to Thailand**

48. In early 2012, the Royal Thai Air Force issued a request for several different types of Northrop Grumman longerons for its F-5 aircraft. At Mr. Shams's direction, the order was filled, not with OEM parts as requested, but with parts manufactured by Merex using a third-party supplier. Among other things, Mr. Shams directed that the longerons be manufactured from block, instead of from the more costly step die, extrusion process which OEM specifications require.

49. In December 2012, the longerons were sold to the Royal Thai Air Force and shipped along with a false certification that the parts conformed to OEM specifications even though Mr. Shams knew that they did not. The export documentation that accompanied the shipment falsely identified the parts as OEM parts, at Mr. Shams's direction.

50. The discovery of the non-conforming longerons caused Merex Aircraft to take costly corrective action. In February 2016, a recall notice for the longerons was sent to the Royal Thai Air Force.

## IV. The Consequences of Mr. Shams's Wrongful Conduct

51. Upon discovering Mr. Shams's wrongful conduct in 2015, Merex Aircraft engaged in a costly and time-consuming internal review process that resulted in the Company putting in place measures and systems to prevent such conduct from occurring in the future.

52. Merex Aircraft's internal review involved an order-by-order inspection of 1876 separate sales orders of critical aircraft parts over a period stretching from 2008 through 2014.

53. To ensure that nonconforming parts created during Mr. Shams's tenure at the Company were not inadvertently shipped to customers, suspect parts have been quarantined, and recalls have been issued to all customers impacted by Mr. Shams's fraudulent scheme.

THE LESSER LAW GROUP
315 Montgomery Street, Ninth Floor · San Francisco, California 94104
Telephone: (415) 453-7600 | Facsimile: (415) 295-4122

54. Merex Aircraft concluded that it could no longer sell lead/lag parts for the MD-500 helicopter.

55. The issuance of recalls to multiple customers has hurt the Company's good will in the marketplace, and has severely impacted Merex Aircraft's ability to retain customers and do business.

56. Since the discovery of Mr. Shams's conduct, several of Merex Aircraft's largest customers—including the militaries of Bangladesh, the Republic of Korea, Jordan, and Brazil—have significantly reduced their business with the Company.

57. In addition, the Company has incurred substantial attorneys' fees and costs defending and settling a civil "whistleblower" lawsuit brought by two former employees whose allegations included many of the fraudulent business practices put in place by Mr. Shams and which the Company had to defend due to Mr. Shams's wrongdoing.

58. As a direct result of Mr. Shams's wrongful conduct, the Plaintiffs have suffered at least $18 million in damages from the confluence of (i) overpaying for the Company in the Transaction; (ii) lost or inflated sales and recalls; (iii) conducting internal and external reviews of the Company's sales orders including quarantining of questionable parts and technical drawings; (iv) responding to regulatory inquiries; and (v) defending itself and certain of its affiliates, shareholders, officers, and directors against a civil litigation brought by two former employees based in part on Mr. Shams's conduct.

**FIRST CAUSE OF ACTION**

**(On Behalf of Merex Holding)**

**Breach of Contract as to Ahmad Shams and the Ahmad and Victoria Shams Revocable Trust of 1999**

59. Plaintiffs repeat and re-allege paragraphs 1 through 58 hereof as though fully set forth herein.

60. Plaintiff Merex Holding and Defendants Ahmad Shams and the Shams Trust, among others, entered into a written contract referred to herein as the SPA on September 22, 2011.

THE LESSER LAW GROUP
315 Montgomery Street, Ninth Floor · San Francisco, California 94104
Telephone: (415) 453-7600 | Facsimile: (415) 295-4122

61. Merex Holding fully performed its obligations under the SPA.

62. In Sections 3.10, 3.20(a), (b) and (d) of the SPA, Defendants represented and warranted that the Company was in material compliance with all laws and regulations applicable to its business. Defendants also represented in Section 3.6 of the SPA that the Company's financial statements provided to the buyers in connection with the Transaction were accurate.

63. Defendants breached the provisions of Sections 3.10, and 3.20(a), (b) and (d) of the SPA as the representations and warranties contained in those sections were false. Mr. Shams knew them to be false at the time as he personally directed the fraudulent misconduct that resulted in the overvaluation of the Company and the subsequent damages caused by that misconduct.

64. Because Mr. Shams's misrepresentations and omissions were fraudulent and intentional, the limitations of liability set forth in Section 7.4 of the SPA do not apply.

65. As a result of Defendants' breach of the SPA, Merex Holding purchased Merex Aircraft for at least $15 million more than it was actually worth.

**SECOND CAUSE OF ACTION**

**(On Behalf of Merex Holding)**

**Indemnification Under the SPA as to Ahmad Shams and the Ahmad and Victoria Shams Revocable Trust of 1999**

66. Plaintiffs repeat and re-allege paragraphs 1 through 65 hereof as though fully set forth herein.

67. Plaintiff Merex Holding and Defendants Ahmad Shams and the Shams Trust, among others, entered into a written contract referred to herein as the SPA on September 22, 2011.

68. Merex Holding fully performed its obligations under the SPA.

69. Pursuant to Section 7.1 of the SPA, Defendants are required to hold harmless Merex Holding for, among other things, any damages that result from or arise out of the seller's breach of any representation or warranty made by the Company in Section 3,

including those made under Sections 3.6, 3.10, and 3.20(a), (b) and (d) of SPA.

70. Defendants breached the representations made under Sections 3.6, 3.10, and 3.20(a), (b) and (d) of SPA as set forth in Section II above.

71. Because Mr. Shams's misrepresentations and omissions were fraudulent and intentional, the limitations of liability set forth in Section 7.4 of the SPA do not apply.

72. As a result of Defendants' breach of Sections 3.6, 3.10, and 3.20(a), (b) and (d) of SPA, they are required to indemnify Merex Holding for damages caused by such breach.

**THIRD CAUSE OF ACTION**

**(On Behalf of Merex Holding)**

**Declaratory Judgment That No Further Amounts Are Due to Ahmad Shams and the Shams Trust Under the Note**

73. Plaintiffs repeat and re-allege paragraphs 1 through 72 hereof as though fully set forth herein.

74. Merex Holding and the Shams Trust entered into a written contract, referred to herein as the Note, on April 30, 2014.

75. Merex Holding fully performed its obligations under the Note.

76. Under the terms of the Note, and under Section 7.9 of the SPA, Merex Holding is entitled to offset amounts due under that Note against any claims for indemnification made by Merex Holding pursuant to the SPA.

77. Under Section 7.1 of the SPA, Defendants are required to indemnify Merex Holding for the damages caused by Mr. Shams's conduct as set forth in Section II above.

78. The damages caused by Mr. Shams's conduct as set forth in Section II above exceed the amount due to Defendants under the Note.

79. An actual controversy has arisen between Plaintiffs and Defendants regarding Merex Holding's remaining obligations to Defendants under the Note. Plaintiffs contend Merex Holding owes no further amounts based on the facts alleged above. Defendants dispute this contention.

THE LESSER LAW GROUP
315 Montgomery Street, Ninth Floor · San Francisco, California 94104
Telephone: (415) 453-7600 | Facsimile: (415) 295-4122

THE LESSER LAW GROUP
315 Montgomery Street, Ninth Floor · San Francisco, California 94104
Telephone: (415) 453-7600 | Facsimile: (415) 295-4122

80. A judicial declaration is necessary and appropriate at this time under the circumstances in order that plaintiff may ascertain its rights and duties under the Note as alleged herein.

81. Accordingly, Plaintiffs request that this Court issue a declaratory judgement that Merex Holding does not owe Mr. Shams any further amounts under the Note.

**FOURTH CAUSE OF ACTION**

**(On Behalf of Merex Holding)**

**Intentional Misrepresentation as to Ahmad Shams and the Ahmad and Victoria Shams Revocable Trust of 1999**

82. Plaintiffs repeat and re-allege paragraphs 1 through 81 hereof as though fully set forth herein.

83. In September of 2011, Defendants sold their controlling stake in the Company to Merex Holding pursuant to the SPA.

84. In Sections 3.10, 3.20(a), (b) and (d) of the SPA, Defendants represented and warranted that the Company was in material compliance with all laws and regulations applicable to its business. Defendants also represented in Section 3.6 of the SPA that the Company's financial statements provided to the buyers in connection with the Transaction were accurate.

85. These representations and warranties in the SPA were knowingly false when made as Mr. Shams was personally directing the wrongful conduct that resulted in the false statements. Additionally, Mr. Shams provided a representative of Merex Holding with financial statements and other documents regarding the purported financial health of the Company at the time of the Transaction, including but not limited to, year-end and interim balance sheets, and income statements. Such statements were false because they were inflated or otherwise influenced by Mr. Shams's wrongful conduct, and Mr. Shams knew such statements were false when he provided them to the buyers. The Plaintiffs reasonably relied on the false statements to their detriment.

/ / /

THE LESSER LAW GROUP
315 Montgomery Street, Ninth Floor · San Francisco, California 94104
Telephone: (415) 453-7600 | Facsimile: (415) 295-4122

86. During the sale process, Mr. Shams had a duty to disclose to the buyers the wrongful conduct described herein, as such conduct was material to the financial health of the Company. Mr. Shams failed to do so.

87. Merex Holding justifiably relied on Defendants' misrepresentations and omissions in connection with the Transaction in that Defendants had exclusive possession of the true facts and Plaintiffs had no knowledge of the facts Defendants misrepresented and concealed, being dependent on Defendants for their disclosure.

88. Because Mr. Shams's misrepresentations and omissions were fraudulent and intentional, the limitations of liability set forth in Section 7.4 of the SPA do not apply.

89. As a direct result of Defendants' intentional misrepresentations and omissions during the Transaction, Merex Holding was fraudulently induced to purchase the Company from Mr. Shams for more than it was actually worth.

90. As a result of Defendants' knowingly false representations and omissions, Merex Holding has suffered damages in an amount to be determined at trial but not less than the $15 million that Merex Holding overpaid for the Company, as well as the post-Transaction damages described herein that have resulted from Mr. Sham's wrongful conduct.

91. In making these false representations and omissions, Defendants acted fraudulently, within the meaning of Civil Code Section 3294, in that Defendants misrepresented and concealed material facts known to the Defendants and with the intention of thereby depriving a person of property or legal rights or otherwise causing injury. Defendants acted with malice, within the meaning of Section 3294, in that their conduct was willful and in conscious disregard of Merex Holding's right to enter into an arms-length business transaction that reflected Merex Aircraft's true value. Merex Holding is accordingly entitled to punitive damages under Cal. Civ. Code § 3294.

/ / /

/ / /

/ / /

/ / /

THE LESSER LAW GROUP
315 Montgomery Street, Ninth Floor · San Francisco, California 94104
Telephone: (415) 453-7600 | Facsimile: (415) 295-4122

**FIFTH CAUSE OF ACTION**

**(On Behalf of Merex Holding)**

**Violation of California Corporations Code §§25401/25501**

**as to Ahmad Shams and the Ahmad and**

**Victoria Shams Revocable Trust of 1999**

92. Plaintiffs repeat and re-allege paragraphs 1 through 91 hereof as though fully set forth herein.

93. On September 22, 2011, pursuant to the SPA, Plaintiff Merex Holding purchased a majority of the outstanding shares in the Company from Defendants. The Company shares were "securities" within the meaning of California Corporations Code §§25401 and 25501.

94. In Sections 3.10, 3.20(a), (b) and (d) of the SPA, Defendants represented and warranted that the Company was in material compliance with all laws and regulations applicable to its business. Defendants also represented in Section 3.6 of the SPA that the Company's financial statements provided to the buyers in connection with the Transaction were accurate.

95. Defendants' representations and warranties in the SPA were knowingly false when made as Mr. Shams was the architect of the wrongful conduct that resulted in the false representations and warranties contained in the SPA. Additionally, Mr. Shams provided a representative of Merex Holding with financial statements and other documents regarding the financial health of the Company in connection with the Transaction, including, but not limited to, year-end and interim balance sheets, and income statements. The balance sheets and statements were false because they reflected financials that were wrongfully inflated by the Company's provision of nonconforming parts, or otherwise influenced by Mr. Shams's wrongful conduct. Mr. Shams knew that the balance sheets and statements were false and misleading when he provided them to the buyers.

96. During the sale negotiations, Mr. Shams had a duty to disclose the wrongful conduct described herein to the buyers, as such conduct was material to the financial health of

THE LESSER LAW GROUP
315 Montgomery Street, Ninth Floor · San Francisco, California 94104
Telephone: (415) 453-7600 | Facsimile: (415) 295-4122

the Company and, consequently, the value of the Company shares that Merex Holding contemplated buying. Mr. Shams failed to do so.

97. Merex Holding justifiably and reasonably relied on Sections 3.6, 3.10 and 3.20 (a), (b) and (d) of the SPA, and the false balance sheets and statements, in deciding to buy the Company shares in connection with the Transaction. At the time of Merex Holding's reliance on the false and misleading materials generated and shared by Mr. Shams, it was unware of Mr. Shams's wrongful conduct.

98. Because Mr. Shams's misrepresentations and omissions were fraudulent and intentional, the limitations of liability set forth in Section 7.4 of the SPA do not apply.

99. As a direct result of Defendants' knowingly fraudulent representations and omissions, Merex Holding suffered damages in an amount to be determined at trial, but not less than the $15 million it overpaid for the Company's stock in reliance on Mr. Shams's false statements and representations.

100. In making these false representations and omissions, Defendants acted fraudulently, within the meaning of Civil Code Section 3294, in that Defendants misrepresented and concealed material facts known to the Defendants and with the intention of thereby depriving a person of property or legal rights or otherwise causing injury. Defendants acted with malice, within the meaning of Section 3294, in that their conduct was willful and in conscious disregard of Merex Holding's right to enter into an arms-length business transaction that reflected Merex Aircraft's true value. Merex Holding is accordingly entitled to punitive damages under Cal. Civ. Code § 3294.

**SIXTH CAUSE OF ACTION**

**(On Behalf of Merex Holding)**

**Unjust Enrichment as to Ahmad Shams and the Ahmad and Victoria Shams Revocable Trust of 1999**

101. Plaintiffs repeat and re-allege paragraphs 1 through 100hereof as though fully set forth herein.

102. Mr. Shams benefitted himself at the expense of Merex Holding through the

THE LESSER LAW GROUP
315 Montgomery Street, Ninth Floor · San Francisco, California 94104
Telephone: (415) 453-7600 | Facsimile: (415) 295-4122

wrongful conduct as set forth in Section II above.

103. Mr. Shams's wrongful conduct artificially inflated the value of the Company, thereby resulting in an unjust benefit to Mr. Shams, who – prior to the Transaction – controlled the majority of the outstanding equity in the Company – and resulted in Merex Holding paying $15 million more to purchase the outstanding equity of the Company than it otherwise would have.

104. Equity and good conscience require restitution of a portion of the purchase price for the outstanding equity in the Company to be determined at trial, but not less than the difference between the purchase price for the outstanding equity in the Company and what the Company's equity would have been worth had Mr. Shams not operated the Company's business in such a manner as to artificially inflate its value.

**SEVENTH CAUSE OF ACTION**

**(On Behalf of All Plaintiffs)**

**Breach of Fiduciary Duty as to Ahmad Shams**

105. Plaintiffs repeat and re-allege paragraphs 1 through 104 hereof as though fully set forth herein.

106. From 1982 through May of 2013, Mr. Shams served as CEO of the Company. Thereafter, he continued to serve on the Board of Directors of the Company and worked as an employee of the Company until September 2015.

107. At all times during his affiliation with the Company, Mr. Shams owed fiduciary duties to the Company and its stakeholders. Mr. Shams violated such duties by engaging in the wrongful conduct as set forth in Section III above.

108. The Company has been injured through the expenses incurred as a result of Mr. Sham's breaches of his fiduciary duties, including: (i) recalling defective parts; (ii) conducting a review of the Company's sales under Mr. Shams; (iii) defending a civil litigation brought by two former employees based in part on Mr. Shams's conduct; (iv) responding to regulatory inquiries and (v) reputational damage and loss of business and commercial good will.

THE LESSER LAW GROUP
315 Montgomery Street, Ninth Floor · San Francisco, California 94104
Telephone: (415) 453-7600 | Facsimile: (415) 295-4122

109. As a direct result of Mr. Shams's breach of his fiduciary duties, Plaintiffs are entitled to recover damages in an amount to be determined at trial but not less than $3 million.

110. In committing the acts and omissions alleged above, Defendants acted fraudulently, within the meaning of Civil Code Section 3294, in that Defendants misrepresented and concealed material facts known to the Defendants and with the intention of thereby depriving a person of property or legal rights or otherwise causing injury. Defendants acted with malice, within the meaning of Section 3294, in that their conduct was willful and in conscious disregard of Plaintiffs' rights. Plaintiffs are accordingly entitled to punitive damages under Cal. Civ. Code § 3294.

**EIGHTH CAUSE OF ACTION**

**(On Behalf of Merex Aircraft)**

**Breach of Contract as to Ahmad Shams**

111. Plaintiffs repeat and re-allege paragraphs 1 through 110 hereof as though fully set forth herein.

112. Following the Transaction, Mr. Shams continued to serve as CEO of the Company pursuant to a written agreement, referred to herein as the Employment Agreement, entered into between Mr. Shams and Merex Aircraft on or about September 22, 2011.

113. Merex Aircraft fully performed its obligations under the Employment Agreement.

114. Pursuant to the Employment Agreement, Mr. Shams agreed that he would adhere to rules and regulations established by the Board of Directors of the Company for the conduct of its employees.

115. Mr. Shams's conduct, as set forth above was not consistent with rules and regulations established by the Board of Directors of the Company for the conduct of its employees.

116. By and through the conduct as set forth in Section III above, Mr. Shams failed to adhere to the rules and regulations established by the Company's Board of Directors,

THE LESSER LAW GROUP
315 Montgomery Street, Ninth Floor · San Francisco, California 94104
Telephone: (415) 453-7600 | Facsimile: (415) 295-4122

which constituted a breach of the Employment Agreement.

117. As a direct result of Mr. Shams's conduct as set forth above, Merex Aircraft has suffered damages in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE: Plaintiffs Merex Holding Corp., and Merex Aircraft Company, Inc., pray that this Court:

1. Grant judgment for Plaintiffs on all causes of action contained in the Complaint.
2. Award compensatory damages in an amount to be determined at trial.
3. Award pre-judgement interest on an amount to be proven at trial.
4. Award punitive damages pursuant to Cal. Civ. Code § 3294 in an amount to be proven at trial.
5. Award attorney's fees and costs pursuant to Cal. Civ. Code § 1717 in an amount to be proven at trial; and
6. Award such further relief as the Court may deem just and proper.

**DEMAND FOR A JURY TRIAL**

Plaintiffs Merex Holding Corp., and Merex Aircraft Company, Inc., hereby demand trial by jury of all issues triable by jury.

Date: September 27, 2018 THE LESSER LAW GROUP



By____________________________________
Don A. Lesser
Barbara L. Gately
*Attorneys for Plaintiffs Merex Holding Corp., and Merex Aircraft Company,*

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF VENTURA**

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. Many courts encourage or require parties to try ADR before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. You can read more information about these ADR processes and watch videos that demonstrate them at www.courtinfo.ca.gov/programs/adr/types.htm. A form for agreeing to use ADR is attached.

## Potential Advantages and Disadvantages

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

## Most Common Types of ADR

**Mediation –** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners.

**Settlement Conferences –** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration –** The parties present evidence and arguments to a neutral person called an "arbitrator" who then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to *binding arbitration,* they waive their right to a trial and agree to accept the arbitrator's decision as final. With *nonbinding arbitration,* any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial, or want an expert in the subject matter of the dispute to make a decision.

## Local ADR Programs for Civil Cases

**Mediation –** The Ventura Superior Court has maintained a mediation program since April 1, 1993. Its goals are to speed resolution of cases by bringing the parties together before they have made a major economic and emotional investment in litigation, and to increase awareness of this effective method of alternative dispute resolution.

Mediators need not be attorneys, but must have 25 hours of formal mediation training by a recognized mediation training/education provider. Mediator duties include a brief review/preparation time and three hours of hearing time on a pro bono basis and pursuant to such rules as may be designated for mediators by the Ventura Superior Court.

Party Pay Mediation Panel – The court has a second mediation panel where mediators are paid by the parties rather than offering their services pro bono. Mediators on the "party pay" panel must have completed 25 hours of formal mediation training and have participated as mediator a minimum of 25 court assigned mediations with a minimum hearing time of two hours each from any California Superior Court. All mediators on the "party pay" panel will provide three hours of mediation services per case at the rate of $150 per hour to be shared equally by all participating parties.

**Arbitration –** Arbitration is normally an informal process in which a neutral person (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or nonbinding arbitration. Binding arbitration is designed to give each side a resolution of their dispute when they cannot agree between themselves or with a mediator. If the arbitration is nonbinding, any party can reject the arbitrator's decision and request a trial.

**Mandatory Early Settlement Conference –** The MESC program was implemented through joint efforts of the Superior Court and the Ventura County Bar Association working primarily through the Bench/Bar Subcommittee. Cases that are appropriate for the program are identified and referred to a settlement officer to conduct a settlement conference. The parties have the opportunity for a serious exchange of facts, theories, and evaluations at the earliest possible time with an impartial attorney volunteer conducting the conference. The basic difference between cases assigned to the MESC and Mediation programs is the nature of the case and the relief sought. If the injury or damage is compensable in money damages and there is no emotional component or "hidden agenda" on the part of one or more of the parties, as is frequently the case in mediation cases, then the case is sent to the MESC program. MESC may be appropriate when negotiations between the parties have not proven successful.

**Settlement Conference –** Settlement Conferences may be mandatory or voluntary. In general, if the settlement conference is mandatory, ordered by the judge, the parties to the dispute and their attorneys will meet with a judge who conducts conference aimed at negotiating an agreement to settle the dispute rather than doing through the formal trial process.

**More Information about Court-Connected ADR:** Visit the court's webpage at www.ventura.courts.ca.gov.

**Dispute Resolution Programs Act (DRPA) funded ADR Program -** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code 465 et seq.):

- Ventura Center for Dispute Settlement, 4001 Mission Oaks Blvd., #L, Camarillo, CA 93012
  805-384-1313
- Ventura County District Attorney's Consumer Mediation Unit
  805-654-3110

**Private ADR –** To find a private ADR program or neutral, search the internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

**Legal Representation and Advice –** To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California Courts Website at www.courtinfo.ca.gov/selfhelp/lowcost.

VN164

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) Telephone Number<br><br>ATTORNEY FOR (Name): | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA<br>☐ 800 SOUTH VICTORIA AVE. VENTURA, CA 93009 | |
| PLAINTIFF/PETITIONER<br>DEFENDANT/RESPONDENT | |
| **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS** | CASE NUMBER: |

The parties and their attorneys stipulate that the claim(s) in this action shall proceed to the following alternative dispute resolution process:

☐ Private Mediation
☐ Volunteer Mediation ______________________
☐ Mandatory Early Settlement Conference
☐ Assignment to Private Judge
☐ Binding Arbitration
☐ Non-Binding Arbitration
☐ Other (specify) : ______________________________________________

It is further stipulated that the deadline for selection of a neutral and completion of the ADR process is: ______________

______________________________ Plaintiff (print)

______________________________ Defendant (print)

______________________________ Signature of Plaintiff

______________________________ Signature of Defendant

______________________________ Plaintiff's Attorney (print)

______________________________ Defendant's Attorney (print)

______________________________ Attorney's Signature

______________________________ Attorney's Signature

Dated: ______________________

Dated: ______________________

**IT IS SO ORDERED.**

IT IS FURTHER ORDERED THAT: ____________________________________________________

______________________________________________________________________

______________________________________________________________________

Dated: ____________________________

______________________________ Judicial Officer

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF VENTURA

800 South Victoria Avenue
Ventura , CA 93009
(805) 289-8525
WWW.VENTURA.COURTS.CA.GOV

## NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

Case Number: **56-2018-00518236-CU-FR-VTA**

Your case has been assigned for all purposes to the judicial officer indicated below.
**A copy of this Notice of Case Assignment and Mandatory Appearance shall be served by the filing party on all named Defendants/Respondents with the Complaint or Petition, and with any Cross-Complaint or Complaint in Intervention that names a new party to the underlying action.**

| ASSIGNED JUDICIAL OFFICER | COURT LOCATION | DEPT/ROOM |
|---|---|---|
| Hon. Henry Walsh | Ventura | 42 |
| HEARING | MANDATORY APPEARANCE CMC/Order to Show Cause Re Sanctions/Dismissal for Failure to File Proof of Service/Default | |
| EVENT DATE | EVENT TIME | EVENT DEPT/ROOM |
| 02/25/2019 | 08:15 AM | 22B |

## SCHEDULING INFORMATION

**Judicial Scheduling Information**

**AT THE ABOVE HEARING IS MANDATORY.**
Each party must file a Case Management Statement no later than 15 calendar days prior to the hearing and serve it on all parties. If your Case Management Statement is untimely, it may NOT be considered by the court (CRC 3.725).
If proof of service and/or request for entry of default have not been filed: At the above hearing you are ordered to show cause why you should not be compelled to pay sanctions and/or why your case should not be dismissed (CCP 177.5, Local Rule 3.17).

**Advance Jury Fee Requirement**

At least one party demanding a jury trial on each side of a civil case must pay a non-refundable jury fee of $150. The non-refundable jury fee must be paid timely pursuant to Code of Civil Procedure section 631.

**Noticed Motions/Ex Parte Matters**

To set an ex parte hearing, contact the judicial secretary in the assigned department. Contact the clerk's office to reserve a date for a law and motion matter.

**Telephonic Appearance**

Telephonic appearance at the Case Management Conference is permitted pursuant to CRC 3.670. In addition, see Local Rule 7.01 regarding notice to the teleconference provider. The court, through the teleconference provider, will contact all parties and counsel prior to the hearing.

Date: 09/28/2018

Clerk of the Court,
By: [signature]
Katie Deutinger, Clerk